CATHARINE LACHENMEYER, RESPONDENT, *v.* AUGUST LACHENMEYER, APPELLANT.

*Order of arrest — power of a judge out of court, in the first judicial district, to make it — it should not purport to be made in court — Code of Civil Procedure, secs.* 770, 550, 551.

Under section 770 of the Code of Civil Procedure providing that, in the first judicial district, "a motion which elsewhere must be made in court may be made to a judge out of court, except for a new trial on the merits," an order of arrest may, in that district, be granted, in one of the classes of actions described in subdivision 4 of section 550 of the Code of Civil Procedure, by a judge out of court, although in all the other districts of the State such an order can only be granted by the court.

When an order is made by a judge out of court in the first judicial district, under the power conferred upon him by the said section 770, it should not be in form an order of the court, nor should it recite that it was made in court at a Special Term held before the judge who made it.

APPEAL from order of the Special Term denying a motion to vacate an order of arrest, granted in this action brought to procure a limited divorce.

*George F. Langbien,* for the appellant.

*Albert Day,* for the respondent.

DAVIS, P. J.:

The appellant was arrested upon an order of arrest granted in one of the class of actions described in subdivision 4 of section 550 of the Code. In that class of actions section 551 provides that "the order of arrest can be granted only by the court, is always in its discretion, * * * and may be granted where a proper case therefor is presented at any time before final judgment."

The order in this case was not granted by the court but by a justice of this district out of court. In *Boucicault* v. *Boucicault* (21 Hun, 431), it was held by this General Term that an application for an order of arrest in a case like the present in character, was rightfully made to, and properly granted by a justice out of court; and that the authority to make such an order was clearly

granted by section 770 of the Code. The mandatory part of the order in that case was substantially the same as that of the order now under consideration; but it had a caption which recited it to have been made " at a Special Term held at the court-house in the city of New York," etc. In other words, it was in form an order of the Special Term. It was suggested in that case that the order was granted by the justice after the adjournment of the Special Term. But it was held that that fact, if true, would not affect the validity of the order, because of the provision of section 770 above cited.

It is apparent that the legislature, by sections 550 and 551 have established a general rule which requires that in the cases specified in subdivision 4 of section 550, an order of arrest can be granted only by the court, and when granted by the court, it must appear in form to be an order of the court by which it is granted, and not of a justice of the court. But the legislature have seen fit to make to this general rule an exception, which, so far as it goes, modifies or supersedes the rule in the cases to which it is applicable. By section 768 of the Code, it is declared that an application for an order is a motion. This, of course, includes applications for orders of arrest. Section 770 enacts that in the first judicial district "a motion which elsewhere must be made in court, may be made to a judge out of court, except for a new trial on the merits." The exception expresses the only limitation; and, therefore, any application for an order, in an action pending in the first judicial district (except for a new trial on the merits) may be made to a judge out of court, although elsewhere it must be made in court. Or, in other words, a judge in the first judicial district has the same power to make an order which elsewhere must be made by a court, as the court has in the other districts of the State. This does not seem to be disputed by the counsel for the appellant; but he insists that when an order of this kind is made under section 770, it must be in form an order of the court, although in fact made by a judge out of court; and that a judge out of court has no jurisdiction except to make a formal order of the court, reciting that it is made in court at a Special Term held before him. This reduces the question to one merely of form, and requires the judge who makes an order out of court, to recite untruly that he made it in court, and as a court,

when in fact he was acting under the power conferred upon him "as a judge out of court." It certainly is a clear proposition that a judge out of court is not a judge sitting in court, and therefore, is not a court; but is precisely what the statute declares him to be — a judge out of court, making an order as such, and not as a court. The distinction between a judge and a court is very clear and well defined, and the Court of Appeals, in *Heishon* v. *The Knickerbocker Insurance Company* (77 N. Y., 278), recognized and enforced that distinction. That case arose under sections 872 and 873 of the Code, which provides that a person desiring to take a deposition in a case prescribed in the article in which that section is found, may present "to a judge of the court in which the action is pending * * * an affidavit setting forth as follows : * * * ;" and "the judge to whom such an affidavit is presented must grant an order for the examination," etc. A motion was made upon affidavit and notice at Special Term for such an order, and the Court of Appeals held that the court had no power to make the order. It was a court order and not the order of the judge, and for that reason it was reversed on appeal. It does not, therefore, seem to us to be true that when a provision of the Code gives power to make an order of arrest in a case like this to a judge out of court in the first judicial district, it is intended that he should make such an order as a court falsely reciting that it was made by and at a Special Term held before him at the court-house or elsewhere, and that all his power in the matter depends upon his thus falsifying the facts under which he acted. It is so manifest that an order made at a Special Term is not the order of a judge out of court, that we can see no mode of making it clearer than it appears on the face of the section itself. In *Phinney* v. *Broschell* (19 Hun, 116) the order of service by publication contained a caption which recited it to have been made at a Special Term of the court at a time named : "Present — Hon. ABRAHAM R. LAWRENCE, Justice," and it was signed, "Enter, A. R. L., J. S. C." A motion was made to vacate the order solely on the ground that it was made by the court and not by a judge as required by the act. It appeared by the papers in the case on the motion that the order was in fact made by a judge out of court. It was held that the caption preceding the order is not at all conclusive as to its character, and that the fact

that the judge directed it to be entered did not affect the order or change its character, but that the duty of the court was to look at the facts as they were really shown by the papers to have been; and as they disclosed that the order was made by a judge out of court the order vacating the attachment on that ground was reversed by the General Term. This order it is understood was afterwards affirmed by the Court of Appeals. This case shows that in respect to the order, substance only is required and not mere form. But the form of the order, it should be added, is controlled by section 561 of the Code, which provides that the order "must be subscribed by the plaintiff's attorney and except where it is granted by the court, by the judge." In this case the order was subscribed by the plaintiff's attorney and by the judge as required by the section, and it cannot be claimed that it is within the exception, because it certainly was not an order of the court, even if it be true that it might have been entered as such.

All the other provisions of the Code cited by the counsel for the appellant as applicable to an order which must be granted by the court are of necessity limited in their application by the provision that such order may, under the circumstances prescribed, be granted by a judge out of court.

We see no difficulty, therefore, in holding that the order was right and should not be set aside for any reason touching its form.

Some other objections are made by the counsel for the appellant, but we do not regard them as of sufficient importance to call for further consideration.

The order should be affirmed, with ten dollars costs and disbursements.

Brady, J., concurred.

Present — Davis, P. J., Brady and Daniels, JJ.

Order affirmed, with ten dollars costs and disbursements.